NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 25, 2009
Decided March 27, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2892

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee* | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. IP 98-121-CR-2-H/F |
| OSMOND CLARKE, | |
| *Defendant-Appellant*. | David F. Hamilton, |
| | *Chief Judge*. |

## O R D E R

Osmond Clarke has been serving time since 1999 for his role in a crack-cocaine trafficking conspiracy. After the United States Sentencing Commission retroactively reduced the base-offense levels for some crack offenses, *see* U.S.S.G. § 2D1.1(c), Supp. to App. C 226-31 (2008) (Amendment 706); *United States v. Forman*, 553 F.3d 585, 587 (7th Cir. 2009), Clarke moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied the motion and Clarke appeals, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous issue to pursue. Clarke responded to counsel's motion under Circuit Rule 51(b) but later withdrew his response, so we limit our review to the potential arguments identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). We

grant counsel's motion and dismiss the appeal.

Clarke, a Jamaican citizen, was convicted after a jury trial of three counts of distributing crack and one count of carrying a firearm in connection with a drug-trafficking offense. The district court found that the total amount of crack involved was 195 grams, resulting in a base offense level of 34. Combined with Clarke's criminal history category of I, this yielded a guidelines range of 151 to 188 months' imprisonment. The district court sentenced Clarke at the low end of that range, to run consecutively with the 60-month mandatory minimum sentence for the firearm conviction, producing a total prison term of 211 months. We affirmed Clarke's convictions and sentences on direct appeal. *United States v. Clarke*, 227 F.3d 874 (7th Cir. 2000).

Under the amended version of § 2D1.1, an offense involving 195 grams of crack now yields a base offense level of 32, *see* U.S.S.G. § 2D1.1(c)(4), which, for someone with Clarke's criminal history, results in a guidelines range of 121 to 151 months' imprisonment. In his motion under § 3582(c)(2), Clarke argued that his rehabilitative efforts while in prison and his deportable status (he believes that, because he will be deported to Jamaica upon his release, he does not pose a threat to society) counsel in favor of a lower sentence. The district court denied the motion. Clarke had carried a firearm and served as the "muscle" during the drug transactions, and the court thus concluded that reducing his sentence would be a threat to public safety. The court explained that the danger posed by Clarke's earlier release played "a greater role" in its evaluation of his § 3582(c)(2) motion "than the specific drug quantity for which he is held accountable or the precise ratio between crack and powder cocaine for purposes of guidelines calculations."

We agree with counsel that it would be frivolous to challenge the district court's decision to deny Clarke's motion, a decision we would review for abuse of discretion. *See United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009); *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). Section 3582(c)(2) permits, but does not require, a district court to reduce a defendant's term of imprisonment if his sentencing range has subsequently been lowered by the Sentencing Commission and a reduction is consistent with the Commission's policy statements. *Forman*, 553 F.3d at 588. A motion under § 3582(c)(2) does not entitle the defendant to a full resentencing. *Young*, 555 F.3d at 614-15; U.S.S.G. § 1B1.10(a)(3). Rather, as the relevant policy statement instructs, the district court must determine what the defendant's guideline range would have been if the amended guidelines had been in effect at the original sentencing, *see* U.S.S.G. § 1B1.10(b)(1), and then consider whether a sentence reduction is warranted, *see id.* § 1B1.10 cmt. n.1(B). The district court did just that. In reaching its decision, the court considered the nature and circumstances of the offense, *see id.* § 1B1.10 cmt. n.1(B)(i); 18 U.S.C. § 3553(a)(1), and whether a reduction would pose a threat to public safety, *see* U.S.S.G. § 1B1.10 cmt. n.1(B)(i),

(ii); 18 U.S.C. § 3553(a)(2)(C). In light of Clarke's propensity to use firearms, the district court concluded that a reduced sentence was imprudent notwithstanding the new crack-to-powder cocaine ratio represented by the revision to § 2D1.1. Section 3582(c)(2) confers broad discretion upon the district court, *see Young*, 555 F.3d at 614; *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), and counsel is unable to articulate any basis for finding that the judge abused this discretion.

Finally, counsel informs us that Clarke wishes to challenge his original sentence on the basis of *United States v. Booker*, 543 U.S. 220 (2005), but correctly concludes that this challenge would be frivolous. The proper avenue for such a challenge is a motion under 28 U.S.C. § 2255. But because Clarke has already pursued one collateral attack on his sentence, he would need our permission to file a second one, *see* 28 U.S.C. § 2244(b)(3)(A), and we would not grant it because *Booker* does not apply retroactively to cases on collateral review, *see McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.