**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 27, 2009[*]
Decided May 27, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2990

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 95-CR-135 |
| TRACY FITZGERALD, *Defendant-Appellant*. | Rudolph T. Randa, *Chief Judge*. |

## O R D E R

Tracy Fitzgerald has been serving time since 1996 for a crack-related offense. After the Sentencing Commission retroactively reduced the base offense level for most crack offenses, Fitzgerald moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

district court denied the motion because of Fitzgerald's extensive criminal history and the seriousness of his crime. We affirm.

Fitzgerald and several accomplices distributed large amounts of cocaine in Milwaukee and Racine, and in 1996 he pleaded guilty to conspiracy to possess with intent to distribute cocaine base. *See* 21 U.S.C. §§ 846, 841(a)(1). Judge Curran—relying on a presentence report that detailed Fitzgerald's criminal record since the age of 15 (he is now 39) and his paralysis resulting from a 1990 gang-related drive-by shooting—sentenced Fitzgerald to 200 months' imprisonment, which was in the middle of the applicable guidelines range. We vacated the sentence, however, because the government had not proven that Fitzgerald possessed crack instead of another form of cocaine base. *See United States v. Adams*, 125 F.3d 586, 590-93, 597 (7th Cir. 1997). On remand Judge Curran found that the government proved that Fitzgerald's offenses involved cocaine base in its crack form and reimposed the 200-month sentence. We affirmed. *See United States v. Fitzgerald*, No. 98-1692 (7th Cir. Aug. 24, 1998).

Several years later Fitzgerald filed, through counsel, a motion to reduce his sentence under § 3582(c)(2) in light of the Sentencing Commission's retroactive amendments to the crack cocaine guidelines (Amendments 706, 711, and 713). Judge Randa, now presiding over the case, denied the motion, reasoning that, given the extent of the drug conspiracy in which Fitzgerald participated and his "egregious criminal behavior," the 200-month sentence was still necessary to reflect the seriousness of his offense and protect the public. The judge also noted that Fitzgerald's medical needs did not significantly affect his reasoning.

On appeal Fitzgerald argues that the district court abused its discretion by concluding that his criminal history undercut any need for a sentence reduction; in his view, the court had already factored that history into his original sentence. He further contends that the court gave short shrift to the factors under 18 U.S.C. § 3553(a) by failing to account adequately for the young age at which he began committing crimes, his purported rehabilitation in prison, and the particular difficulties he endures in prison as a result of his paralysis.

The district court did not abuse its discretion in denying the motion. Section 3582(c)(2) limits a court's authority to reduce a sentence by requiring that it consider the factors listed in 18 U.S.C. § 3553(a). *See United States v. Lawrence*, 535 F.3d 631, 638 (7th Cir. 2008). Furthermore, when crafting a defendant's sentence, the court need not address each factor "in checklist fashion, explicitly articulating its conclusion for each factor" as long as the court's statement of reasons is adequate and consistent with the § 3553(a) factors. *See United States v. Rhodes*, 552 F.3d 624, 627 (7th Cir. 2009) (internal quotation omitted). In this

case, the court concluded that, regardless of Fitzgerald's medical condition, a 200-month sentence was still necessary to reflect the seriousness of his offense and protect the public because of his considerable criminal history and the extent of the drug conspiracy in which he participated. Thus, the court did not punish Fitzgerald again for his criminal history; it simply concluded that the 200-month sentence was required to achieve the sentencing goals of § 3553(a).

Fitzgerald also asserts that the district court could not have adequately addressed the § 3553(a) factors without ordering a new presentence report to update his post-incarceration conduct. Fitzgerald recognizes that the district court has the discretion to order the preparation of a new presentence report, but he did not ask the district court to exercise that discretion. A § 3582(c)(2) proceeding is "not a do-over of an original sentencing proceeding," *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), and thus the district court was within its discretion to not engage in the extensive fact finding that it does at sentencing, particularly since Fitzgerald had the opportunity to explain to the court in his § 3582(c)(2) motion, and his reply to the government's response to that motion, how his post-incarceration conduct should affect his sentence.

AFFIRMED.