In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2525

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KELVIN L. MARION,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 99-cr-00059—**Larry J. McKinney**, *Judge.*

ARGUED NOVEMBER 6, 2009—DECIDED DECEMBER 29, 2009

Before POSNER, KANNE, and ROVNER, *Circuit Judges*.

KANNE, *Circuit Judge*. The district court denied Kelvin Marion's motion to reduce his sentence under § 3582(c)(2) on a form order with a single sentence of explanation: "As directed by 18 U.S.C. § 3581(c)(2)[1] the Court has

---

[1] This is a simple typo in the district court's order, as it is readily apparent from other parts of its order that the district

(continued...)

considered the relevant factors in U.S.S.G. § 1B1.10(b) and 18 U.S.C. § 3553(a) and determined a sentence reduction is not appropriate." Because we find the district court's written analysis a bit too terse to allow this court to meaningfully review its decision, we must remand.

Marion pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base. In 2000, the district court sentenced Marion to 160 months' imprisonment after expressly considering Marion's lengthy criminal history, the harm his crimes caused to the community, and his cooperation with the government. Following the Sentencing Commission's recent amendments regarding cocaine base, Marion moved under § 3582(c)(2) to reduce his sentence. The government took no position on Marion's motion. The district court denied Marion's motion using a form order, and wrote its one-sentence explanation in the "Additional Comments" section of the form. Marion timely appealed the district court's decision.

The sole issue before us is whether the district court's explanation is sufficient to justify denying Marion's motion and to enable this court to meaningfully review the district court's decision. The decision to reduce a defendant's sentence under § 3582(c)(2) is squarely within the district court's discretion, and we reverse only for an abuse of that discretion. *See* 18 U.S.C. § 3582(c)(2)

---

[1]  (...continued)
court properly considered Marion's motion under § 3582(c)(2) and not under the non-existent § 3581(c)(2).

("the court may reduce the term of imprisonment"); *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009); *United States v. Cunningham*, 554 F.3d 703, 707 (7th Cir. 2009). "[T]he court must determine the extent of the reduction, if any, by considering the factors listed in 18 U.S.C. § 3553(a), the movant's conduct while imprisoned, and the risk his early release would pose to public safety." *Johnson*, 580 F.3d at 570; *see also* U.S.S.G. § 1B1.10, Application Note 1(B)(ii), (iii). When imposing a sentence, the district court must provide some statement of reasons supporting its decision. *United States v. Jung*, 473 F.3d 837, 844 (7th Cir. 2007).

Importantly, however, the district court need not provide a detailed, written explanation analyzing every § 3553(a) factor. *United States v. Fitzgerald*, 330 F. App'x 611, 612-13 (7th Cir. 2009); *United States v. Harris*, 490 F.3d 589, 596-97 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). Although ruling on a motion to reduce is not the same as imposing a sentence, we think that the reasoning behind requiring a brief statement of reasons at sentencing compels a similar requirement when deciding a motion to reduce. Some statement of the district court's reasoning is necessary for this court to be able to meaningfully review its decision.

In ruling on the motion to reduce, the district court did not supply any reasons for its decision. The district court aptly considered and thoroughly explained the relevant factors at the time of Marion's original sentencing; however, several years have passed since then. We think that a district court's order on a motion for a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) should at least address briefly any significant events that may have occurred since the original sentencing. If the district court believes that nothing particularly note-worthy has changed concerning the basis for the defendant's original sentence, some simple explanation to that effect will apprise both the defendant and this court of that fact.

Our opinion in this case should not be read to expand what is required of a district court when sentencing a defendant or considering a motion to reduce a sentence under § 3582(c)(2). We have no intention of counting words or applying some rigid formulation to statements of reasons, particularly on a motion to reduce a sentence. The problem with the order here is not that the district court used a form order, or even that the order contained only a one-sentence explanation. The problem arises from the fact that it is impossible for us to ensure that the district court did not abuse its discretion if the order shows only that the district court exercised its discretion rather than showing *how* it exercised that discretion. Some minimal explanation is required.

We REMAND to the district court to provide a brief statement of reasons, consistent with this opinion, for denying Marion's motion for a sentence reduction.