NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2012[*]
Decided November 7, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 12-2071

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 CR 71 |
| THOMAS BRYANT, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

## O R D E R

Thomas Bryant appeals the district court's denial of his motion under 18 U.S.C.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

§ 3582 to reduce his sentence. Because the district court committed no abuse of discretion, we affirm.

Bryant pleaded guilty in 2007 to conspiracy to possess with the intent to distribute more than 50 grams of crack cocaine and cocaine, 21 U.S.C. §§ 841(a)(1), 846. He asked to withdraw his plea, asserting under oath that his lawyer pressured him into pleading guilty. The district judge denied his request because she found that Bryant fabricated the story about his lawyer. At sentencing the district judge calculated an offense level of 32 and criminal history category IV, which yielded a guidelines range of 168 to 210 months' imprisonment, and imposed a sentence of 180 months. Bryant appealed, and we remanded for resentencing so that the district court could consider the sentencing disparity between crack and powder cocaine in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). *United States v. Bryant*, 557 F.3d 489, 496 (7th Cir. 2009). On remand the district court observed that proposed revisions to the crack-powder sentencing ratios would lower Bryant's base offense level to 26 and yield a guidelines range of 110 to 137 months' imprisonment. Bearing this hypothetical guideline in mind, but observing his long history of illicit-drug activity and his conviction for attempted murder, the district judge sentenced him to 137-months' imprisonment.

Bryant moved under § 3582(c)(2) to reduce this sentence after the Sentencing Commission promulgated retroactive amendments to the sentencing guidelines that lowered his original sentencing range. *See generally* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; U.S.S.G. App. C, Vol. III 374–85, 391–98 (2011). The amendments reduced his range to 110 to 137 months. He requested a 120-month sentence, which he asserted reflects the seriousness of his crime, his acceptance of responsibility "from the very beginning," and his "model" post-sentencing conduct of participating in drug education and vocational programs. The judge disagreed and denied the request, explaining that the hypothetical range that the court considered on remand was 110 to 137 months—the same as the now-applicable guidelines range under the retroactive amendments. And 137 months is still reasonable despite Bryant's positive post-sentencing conduct, the court concluded, for two reasons. First, Bryant had obstructed justice and refused to accept responsibility when he lied to support his request to withdraw his guilty plea. Second, Bryant's extensive criminal history of drug dealing warranted no further reduction.

Section 3582(c)(2) authorizes a sentencing reduction if a defendant's sentence was based on a sentencing range subsequently lowered by the Sentencing Commission, *see Dillon v. United States*, 130 S.Ct. 2683, 2687 (2010) (quoting § 3582(c)(2)), and the amendment lowers the defendant's guidelines range, *see United States v. Guyton*, 636 F.3d 316, 318–19 (7th Cir. 2011) (citing U.S.S.G. § 1B1.10(a)(2)(B)). If that threshold is met, as the parties agree it is here, sentencing judges consider the § 3553(a) factors, *Davis*, 682 F.3d at 611; U.S.S.G.

§ 1B1.10, Application Note 1, and post-sentencing conduct, *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009), in deciding whether to reduce a sentence.

On appeal Bryant argues that the district court abused its discretion: If the court believed that 137-months was a reasonable sentence in 2009, Bryant argues, it could not still believe that the same sentence is warranted after three years of exemplary conduct and rehabilitation. But the district judge reasonably found that his post-sentencing activities did not outweigh the original reasons for imposing 137-months' imprisonment at Bryant's resentencing: his long criminal history compounded by his attempt to lie in order to withdraw his guilty plea. The district judge explained these reasons in a brief statement denying the motion; that is all we require. *See Marion*, 590 F.3d at 477; *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009).

Even though he urged the district court to consider his post-sentencing conduct, Bryant now argues that district court procedurally erred by relying on *Pepper v. United States*, 131 S. Ct. 1229 (2011), to do so. He contends that *Pepper* held that post-sentencing conduct is relevant only to a resentencing, not a § 3582 motion. But *Pepper* explains that post-sentencing behavior is "highly relevant" to several § 3553(a) factors, *see Pepper*, 131 S. Ct. at 1242–43, and the § 3553(a) factors are relevant to a § 3582 motion. *See* 18 U.S.C. § 3582(c)(1)(A). Moreover, Bryant *requested* that the court consider *Pepper* and his post-sentencing conduct; he raised the request in his Reply Brief in support of his § 3582 motion. That conduct only favored him. We therefore see no abuse of discretion.

AFFIRMED.