NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 29, 2012
Decided December 26 2012

**Before**

Frank H. Easterbrook, *Chief Judge*

Richard A. Posner, *Circuit Judge*

Daniel A. Manion, *Circuit Judge*

| | |
|---|---|
| No. 11-3757 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| United States of America, *Plaintiff-Appellee*, | |
| | No. 98-CR-00121 |
| *v.* | |
| | **Sarah Evans Barker**, *Judge*. |
| Osmond Clarke, *Defendant-Appellant*. | |

**O R D E R**

Osmond Clarke was convicted in a crack-cocaine trafficking conspiracy in 1999 and sentenced to 211 months of imprisonment. The United States Sentencing Commission has since reduced the sentencing range for Clarke's drug-related convictions and Clarke moved for a reduction in his sentence. The district court denied this motion, and we affirm.

**I.**

In 1999, Clarke was convicted of three counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of carrying a firearm in violation of 18 U.S.C. § 924(c). The evidence at trial showed that Clarke had been the "enforcer" or "muscle" overseeing multiple crack-cocaine transactions, and he had even displayed his gun while overseeing the search of an undercover police officer. Although Clarke lacked a criminal history (category I), he had distributed approximately 195 grams of crack (at the time, offense level 34), which led to a sentencing range of 151–188 months in prison. Additionally, the gun conviction had a mandatory-minimum sentence of 60 months. Given these parameters, the district court sentenced Clarke to 151 months for the drug-related convictions and 60 months for the gun conviction for a consecutive total of 211 months (over 17 years). Because Clarke is a citizen of Jamaica who had entered the United States on a temporary visa in 1991, he will be deported after serving his time. Clarke appealed his conviction, and we affirmed. *United States v. Clarke*, 227 F.3d 874, 886 (7th Cir. 2000).

In 2007, the United States Sentencing Commission reduced its recommended sentencing range for crack offenses. Under these reduced guidelines, Clarke would have received a sentencing range of 121–151 months for his 1999 drug convictions. Although his 151-month sentence was still within the sentencing range, Clarke filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) based on the factors of 18 U.S.C. § 3553(a). The district court denied Clarke's motion in a three-page order, and wrote that it was especially concerned about Clarke's role as the "enforcer" in the crack transaction. "The danger [Clarke] posed," the district court wrote, "plays a greater role in the court's decision at this point than the specific drug quantity for which he is held accountable or the precise ratio between crack and powder cocaine for purposes of guideline calculations." Clarke appealed, but we determined that the appeal would be "frivolous" and dismissed it. *United States v. Clarke*, 317 F. App'x 564, 566 (7th Cir. 2009).

Congress then passed the Fair Sentencing Act of 2010, which reduced the mandatory-minimum sentences for crack-cocaine convictions and also directed the Sentencing Commission to adjust its guidelines for crack-cocaine convictions. *See Dorsey v. United States*, 132 S. Ct. 2321, 2325-26, 2329 (2012). Because the Sentencing Commission lowered its sentencing ranges for crack-cocaine convictions, Clarke filed a second § 3582(c)(2) motion for a sentence reduction on November 15, 2011. Clarke argued that his sentencing range should be 78–97 months under the new sentencing guidelines. This would be the correct sentencing range if Clarke were being resentenced under the new mandatory minimums, but because Clarke had been sentenced before Congress passed the Fair Sentencing Act, the new mandatory minimums do not apply to Clarke and his sentence can only be reduced to the old mandatory minimum of 120 months. *See id.* at 2329, 2335.

Before the government could respond to Clarke's motion, the Deputy Chief U.S. Probation Officer filed a sealed memorandum with the district court. This memorandum recommended denying Clarke's motion and included a proposed order. The district court entered this order.[1] This order included a standard determination that the motion was denied because of the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in sentence." The court also included a statement that was specific to the facts of this case: "The defendant's possession of a firearm and role as 'enforcer' poses a greater danger to the community. These factors played a greater role in the Court's decision than the weight of the drugs."

Clarke appealed. We issued an order requiring the parties to brief (1) whether this case is moot because Clarke has already served his drug sentence; and (2) whether the district court failed to justify the now above-guidelines sentence.

## II.

Both parties have stated that Clarke is eligible for a sentence reduction and have concluded that this case is not moot. *See Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010) ("A case is moot when 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980))). We review mootness issues de novo. *Id.* Clarke is currently serving a 211-month sentence for four convictions. He was sentenced for his crack-cocaine convictions at the same time he was sentenced for his gun conviction, and his imprisonment is treated as a "single, aggregate term" for administrative purposes. 18 U.S.C. § 3584(c). If he succeeds on the merits of his § 3582(c) motion, his sentence will be reduced and he will get out of prison earlier. Therefore, we agree with the parties that this issue is not moot and we now address the merits of Clarke's arguments.

We review a district court's decision to deny a sentence reduction under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009). District courts may impose above-guideline sentences, but "[t]he greater the departure [from the sentencing range], the more searching our review will be." *United States v. Bradley*, 675 F.3d 1021, 1025 (7th Cir. 2012). However, § 3582(c)(2) requires "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 130 S. Ct. 2683, 2690-91 (2010).

---

[1] Judge David Hamilton had presided over this case, but after Judge Hamilton was elevated to this court in 2009, the case was assigned to Judge Sarah Evans Barker.

Clarke challenges the district court's denial of his § 3582(c)(2) motion on four grounds. First, he claims that the district court's order was too short. District courts must explain their rationale for denying a § 3582(c)(2) motion, but "the district court need not provide a detailed, written explanation analyzing every § 3553(a) factor." *Marion*, 590 F.3d at 477. Additionally, we have ruled that "district courts in § 3582(c)(2) proceedings cannot make findings inconsistent with that of the original sentencing court." *United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009). The district court provided sufficient support for its denial of Clarke's motion. As in its 2007 order, the district court noted that its decision was based not on the specific quantity of crack cocaine, but on the danger that Clarke would pose after being released. Because the district court's decision did not focus on the ratio between the amount of crack cocaine distributed and the defendant's sentence, the court did not need to engage in an analysis of the defendant's sentence based on the Fair Sentencing Act.

Second, because Clarke will be deported at the end of his sentence, he argues that he could not be a threat to the public because he will be in Jamaica. This assertion, however, ignores the possibility that Clarke might return to the United States illegally. Additionally, § 3553(a)(2)(C) requires the district court to consider whether the sentence "protect[s] the public from further crimes of the defendant," and we recognize that crimes committed in other countries can pose a threat to the public—both in the United States and abroad. Finally, Clarke made this same argument the first time he moved for a sentence reduction in 2007. *Clarke*, 317 F. App'x at 566. The district court did not see a need to consider his deportation as a relevant factor in 2008, and we agreed. *Id.* The same remains true today.

Third, Clarke argues that the district court should have considered his post-conviction behavior. Clarke asserts that he has improved his life while serving time in prison, and that his changed behavior is a significant factor that the district court should have addressed. The district court's order might have been more thorough if it had considered Clarke's post-conviction behavior, but we have previously indicated that district courts need not consider a petitioner's post-conviction activities on a § 3582(c)(2) motion. *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009) (per curiam). Additionally, Clarke made this same argument when he first moved for a sentence reduction in 2007, and we did not accept it then either. *Clarke*, 317 F. App'x at 566.

Finally, Clarke argues that the probation officer improperly influenced the court when it filed a sealed ex parte memorandum with the district court. Ex parte filings from a probation officer require remand only if they involve "contestable factual propositions that affect the sentence." *See United States v. Neal*, 611 F.3d 399, 402 (7th Cir. 2010). We need not be concerned by ex parte communications from a probation officer that have no effect on the district court's proceedings. *See, e.g.*, *United States v. Scroggins*, 965 F.2d 480, 483 (7th Cir.

1992). The probation officer's sealed memorandum did not assert any contested factual propositions that affected Clarke's sentence. Instead, the memorandum merely stated that the district court should reiterate the conclusion that it had reached for Clarke's 2007 motion for a sentence reduction.

## III.

Although the Sentencing Commission's changes to its crack-cocaine sentencing guidelines made Clarke eligible for a sentence reduction, the district court stated sufficient reasons to keep Clarke's sentence at its current level. The district court therefore did not abuse its discretion in denying Clarke's motion, and we **AFFIRM**.