In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 16-1216

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRANKLIN BROWN,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 CR 671 — **James B. Zagel**, *Judge*.

---

ARGUED AUGUST 9, 2016 — DECIDED SEPTEMBER 8, 2016

---

Before BAUER, POSNER, and SYKES, *Circuit Judges*.

BAUER, *Circuit Judge*. Franklin Brown seeks to reduce his 292-month drug-distribution sentence based on the retroactive application of Amendment 782 to the federal sentencing guidelines. *See* 18 U.S.C. § 3582(c). The district court denied the motion, determining that Brown's offense level was unaffected by the amendment. We affirm.

Between 2003 and 2008, Brown purchased and distribut-
ed millions of dollar's worth of cocaine in the Chicago area.
*United States v. Brown*, 726 F.3d 993, 995 (7th Cir. 2013). He
eventually was arrested by federal authorities and convicted
by a jury of conspiring to distribute at least five kilograms of
cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1). *Brown*, 726 F.3d
at 995–96.

At sentencing the parties disputed the quantity of cocaine
for which Brown was responsible. Brown argued that he
should be held responsible only for five kilograms, as the
jury had found, because, he asserted, that was the maximum
established by reliable evidence. The government sought to
hold him responsible for nearly 3000 kilograms, based on the
trial testimony of three cooperating witnesses about the
number of Brown's transactions and the volume of drugs
sold in each. The district court determined without elabora-
tion that 150 kilograms were "within the zone of this de-
fendant's responsibility," and that this quantity had been
"proven and probably proven twice over." The quantity cor-
responded to a base offense level of 38—the top base offense
level provided in the drug quantity table. *See* U.S.S.G.
§ 2D1.1(c)(1) (2011) (base offense level of 38 applies to
"150 KG or more of Cocaine"). The court added, "I think if
we had a level 40 or a level 42 on top of that, it probably
makes that figure, too." Combined with a criminal history
category of III, Brown's total offense level of 38 (he received
no adjustments) yielded a guidelines range of 292 to 360
months. The court sentenced him to the bottom of that
range. Brown appealed his conviction—but not the court's
drug quantity calculation—and we affirmed. *Brown*, 726 F.3d
993.

Three years after he was sentenced, Brown filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence under Amendment 782. That amendment raised the amount of cocaine necessary to qualify for a base offense level of 38 from 150 kilograms to 450 kilograms. *See* U.S.S.G. § 1B1.10(d) & Supp. to App. C, amends. 782, 788 (2014). The government maintained that Brown's base offense level was unchanged by the amendment because he was responsible for well over 450 kilograms based on witness testimony about his drug transactions. In reply Brown noted that the court had not found him accountable for a quantity more specific than 150 kilograms or more of cocaine, and asked the court to make a finding about the actual drug weight in order to determine whether he qualified for a sentence reduction under Amendment 782. If the court found him responsible for less than 450 kilograms, the amended guideline range would be 235 to 293 months (down from 292 to 360) and Brown asked the court to resentence him to the 240 month statutory minimum.

The district court declined to disturb its guideline calculation and denied the motion:

> The problem for Brown is that his offense level is not, and has not, been lowered. He has an offense level of 38, and this level applies under both the older and the newer revised guidelines. The continuing existence of the level of 38 is the result of the very large quantities of cocaine involved. I found that Brown was clearly responsible for 150 kilograms of cocaine. Indeed, I thought the quantities might have been higher, but a level 40 or 42 was ap-

propriate as well if the 2012 guidelines provided for levels of 40 to 42. I thought there was no way to go further than level 38. There was evidence that more than 450 kilograms was part of his responsibility.

As an alternative basis for denying Brown's motion, the court added that he was sentenced under the career offender guideline and therefore ineligible for any sentence reduction under the amendment.

Brown argues that the district court erred in concluding that Amendment 782 does not lower his offense level. He contends that the district court failed to make a drug-quantity finding more specific than his being responsible for "150 kilograms or more" of cocaine, and as a result could not have evaluated whether he was eligible for a reduction under § 3582(c)(2).

When a retroactive amendment to the guidelines alters the relevant drug-quantity thresholds for determining the base offense level, a district court in ruling on a § 3582(c) motion may need to make new findings—findings that are supported by the record and not inconsistent with those made in the original sentencing determination. *United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010).

The district court's order is cursory but it did not commit reversible error in denying Brown's motion. The court denied Brown's motion because the amendment did not lower his offense level, noting that "there was evidence that more than 450 kilograms was part of his responsibility." This statement—along with the court's comment at sentencing that the very large quantities of cocaine warranted a higher

base offense level than what was authorized under the guidelines—reflects the court's determination that Brown was responsible for 450 kilograms or more of cocaine. While the district court could have expressed its drug-quantity finding more clearly, remand is not necessary because the outcome of such proceedings would be clear and remand futile. *See United States v. Hallahan*, 756 F.3d 962, 971 (7th Cir. 2014); *United States v. Purchess,* 107 F.3d 1261, 1269 (7th Cir. 1997). As the government points out, the record confirms that Brown was responsible for 450 kilograms: witnesses testified to delivering thousands of kilograms of cocaine and receiving millions of dollars as payments. *Brown*, 726 F.3d at 996.

We close by noting that the court's alternative basis for denying the motion—that Brown was sentenced under the career offender guideline—was incorrect. But because the court properly concluded Brown's offense level was unchanged by the amendment, this error was harmless. *See United States v. Clayton*, 811 F.3d 918, 921 (7th Cir. 2016) (applying harmless error to decision on § 3582(c)(2) motion).

AFFIRMED.

POSNER, *Circuit Judge*, dissenting. In 2012 the defendant was sentenced to 292 months in prison after being convicted of conspiring to distribute five kilograms of cocaine. At sentencing the government argued that he had sold not five but 2942 kilograms; the government based the argument on testimony from three cooperating witnesses about the number of the defendant's sales and the amount of drugs in each sale. The district judge stated summarily that 150 kilograms were "within the zone of this defendant's responsibility," this quantity having been "proven and probably proven twice over." That determination, coupled with the defendant's criminal history, made his base offense level 38, yielding a guidelines range of 292 to 365 months; the sentence imposed was thus at the bottom of the range.

Judgment and sentence were affirmed in *United States v. Brown*, 726 F.3d 993, 995 (7th Cir. 2013). But three years after the defendant was sentenced, he filed a motion to reduce his sentence in reliance on Amendment 782 to the guidelines, which had raised the amount of cocaine required for a base offense level of 38 from 150 to 450 kilograms. He pointed out that the judge had not found him accountable for any quantity of cocaine other than 150 kilograms, and he asked the judge to make a finding about the actual drug weight in order to determine whether his guideline range had been reduced by Amendment 782. For unless the weight was at least 450 kilograms, his guideline range would fall from 292 to 365 months to 235 to 293 months (actually 240 months, the statutory minimum, to 293). He asked that he be resentenced to 240 months. The judge refused, adhering to his original sentence of 292 months, primarily on the ground that "there was

evidence that more than 450 kilograms was part of his responsibility." But he offered no substantiation for this conclusion. He described neither the evidence he relied on to support that finding nor the method he'd used to calculate the weight of the drugs from that evidence.

It would be one thing had the cooperating witnesses' testimony about the tons of cocaine that the defendant allegedly had distributed been uncontradicted, but it wasn't; the defendant's lawyer argued to the judge that "when you look at … the two [cooperating witnesses] that had testified to giving drugs to my client, there's really only one deal that had any specifics, and that was … the last deal of the conspiracy and that was 57 kilos." The judge did not engage the lawyers, or indeed so much as mention their argument or the evidence concerning those two cooperating witnesses on which the argument rested. As a result we have no indication of the judge's thought process in finding the defendant responsible for more than 450 kilograms of cocaine.

A sentencing judge must "provide 'some description of the reliable evidence used to support the finding and the method used to calculate it,'" *United States v. Garrett*, 757 F.3d 560, 572–73 (7th Cir. 2014), quoting *United States v. Clay- brooks*, 729 F.3d 699, 707 (7th Cir. 2013). These cases involve original sentencing, but the principle they enunciate is, as held in such cases as *United States v. Goings*, 407 F. App'x 967, 969 (7th Cir. 2011), and *United States v. Marion*, 590 F.3d 475, 477–78 (7th Cir. 2009), equally applicable to a resentencing, as in this case.

We are mindful that the judge offered an alternative, unrelated basis for denying the defendant's motion:

that the defendant had been properly sentenced under a different guideline, the guideline for career offenders. But as the government concedes, the defendant was not sentenced under that guideline. So the judge had no alternative to the 450 kilogram finding as a basis for the defendant's motion. But he didn't know that, and for all we know his mistaken belief in an alternative ground for adhering to his original sentence made him all the more casual in estimating drug levels.