POSNER, Circuit Judge,
dissenting.
In 2012 the defendant was sentenced to 292 months in prison after being convicted of conspiring to distribute five kilograms of cocaine. At sentencing the government argued that he had sold not five but 2942 kilograms; the government based the argument on testimony from three cooperating witnesses about the number of the defendant’s sales and the amount of drugs in each sale. The district judge stated summarily that 150 kilograms were “within the zone of this defendant’s responsibility,” this quantity having been “proven and probably proven twice over.” That determination, coupled with the defendant’s criminal history, made his base offense level 38, yielding a guidelines range of 292 to 365 months; the sentence imposed was thus at the bottom of the range.
Judgment and sentence were affirmed in United States v. Brown, 726 F.3d 993, 995 (7th Cir. 2013). But three years after the defendant was sentenced, he filed a motion to reduce his sentence in reliance on Amendment 782 to the guidelines, which had raised the amount of cocaine required for a base offense level of 38 from 150 to 450 kilograms. He pointed out that the judge had not found him accountable for any quantity of cocaine other than 150 kilograms, and he asked the judge to make a finding about the actual drug weight in order to determine whether his guideline range had been reduced by Amendment 782. For unless the weight was at least 450 kilograms, his guideline range would fall from 292 to 365 months to 235 to 293 months (actually 240 months, the statutory minimum, to 293). He asked that he be resentenced to 240 months. The judge refused, adhering to his original sentence of 292 months, primarily on the ground that “there was evidence that more than 450 kilograms was part of his responsibility.” But he offered no substantiation for this conclusion. He described neither the evidence he relied on to support that finding nor the method he’d used to calculate the weight of the drugs from that evidence.
It would be one thing had the cooperating witnesses’ testimony about the tons of cocaine that the defendant allegedly had distributed been uncontradicted, but it *831 wasn’t; the defendant’s lawyer argued to the judge that “when you look at ... the two [cooperating witnesses] that had testified to giving drugs to my client, there’s, really only one deal that had any specifics, and that, was ... the last deal of the conspiracy' and that was 57 kilos.” The judge did not engage the lawyers, or indeed so much as mention their argument or the evidence concerning those two cooperating witnesses on which the argument rested. As a result we have no indication of the judge’s thought process in finding the defendant responsible for more than 450 kilograms of cocaine.
A sentencing judge must “provide ‘some description of the reliable evidence used to support the finding and the method used to calculate it,’ ” United States v. Garrett, 757 F.3d 560, 572-73 (7th Cir. 2014), quoting United States v. Claybrooks, 729 F.3d 699, 707 (7th Cir. 2013). These cases involve original sentencing, but the principle they enunciate is, as held in such cases as United States v. Goings, 407 Fed.Appx. 967, 969 (7th Cir. 2011), and United States v. Marion, 590 F.3d 475, 477-78 (7th Cir. 2009), equally applicable to a resentencing, as in this case.
I am mindful that the judge offered an alternative, unrelated basis for denying the defendant’s motion: that the defendant had been properly sentenced under a different guideline, the guideline for career offenders. But as the government concedes, the defendant was not sentenced under that guideline. So the judge had no alternative to the 450 kilogram finding as a basis for the defendant’s motion. But he didn’t know that, and for all we know his mistaken belief in an alternative ground for adhering to his original sentence made him all the more casual in estimating drug levels.