NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2016[*]
Decided November 2, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 16-1456

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 11 CR 643-1 |
| ARTURO FLORES, *Defendant-Appellant*. | James B. Zagel, *Judge*. |

**O R D E R**

Arturo Flores was sentenced below his applicable guidelines range to 168 months' imprisonment for conspiring to possess and distribute heroin and cocaine, 21 U.S.C. §§ 846, 841(a)(1). Flores later moved under 18 U.S.C. § 3582(c)(2) for a reduced sentence based on Amendment 782 to the sentencing guidelines, which retroactively lowered by two the base offense level for his crimes. The district court denied his

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Rule 34(a)(2)(C).

motion after concluding that the original sentence appropriately reflected the seriousness of the offense and Flores's criminal history. We affirm.

For about a year Flores managed a Chicago-based drug trafficking organization of at least five co-conspirators. The organization distributed heroin and cocaine from Mexico throughout Chicago and other cities. Eventually Flores was arrested as part of a major federal investigation, and he pleaded guilty to conspiring to possess and distribute heroin and cocaine.

A probation officer recommended a guidelines range of 188–235 months, based on Flores's base offense level of 36 (corresponding to a heroin quantity of at least 10 kilograms and 3.5 kilograms of cocaine) and criminal history category of I. The district court regarded this range as too high, but added that "what I believe is an appropriate sentence is not that much lower." The court settled upon a below-guidelines sentence of 168 months, noting the seriousness of Flores's crime and his lack of criminal history.

Fewer than seven months later, Flores, on his own, moved for a reduced sentence under Amendment 782, *see* U.S.S.G. § 1B1.10(d); U.S.S.G. supp. to app. C, amends. 782, 788 (2014), which decreased the base offense level for his crimes and, correspondingly, his guidelines range—to 151 to 188 months. He asked the court to reduce his 168-month sentence to the bottom of that range. Flores reported that he had comported himself well after sentencing: he had no incidents in prison, enrolled in English-as-a-second-language classes, and participated in programs demonstrating his commitment to abiding by the law. Some of this was described in a progress report from the Bureau of Prisons. The district court declined to change Flores's prior sentence and denied his motion. Alluding to the § 3553(a) factors, the court explained that its prior sentence correctly reflected the "gravity of the conduct" and Flores's lack of criminal history. The district court concluded that 168 months was the "right sentence" both "then and now."

On appeal Flores challenges the district court's exercise of discretion in two ways. First he argues the district court abused its discretion by considering the same factors that it had considered when imposing his original sentence—the seriousness of the offense and his criminal history—rather than those that supported his § 3582(c)(2) motion, namely, his good behavior while in prison. In deciding whether to reduce a sentence, district courts *must* consider any applicable § 3553(a) factors and *may* consider a defendant's post-sentencing conduct. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1 (B)(iii); *United States v. Verdin-Garcia*, 824 F.3d 1218, 1219 (10th Cir. 2016). The district court must articulate the basis for its decision clearly enough for this court to determine whether the decision is consistent with § 3553(a) and reasonable. *United States v. Purnell*,

701 F.3d 1186, 1190 (7th Cir. 2012); *United States v. Marion*, 590 F.3d 475, 477–78 (7th Cir. 2009). If any significant events have occurred since the original sentencing, the district court must at least address them briefly. *United States v. Clayton*, 811 F.3d 918, 921 n.1 (7th Cir. 2016); *Marion*, 590 F.3d at 477. While the district court did not mention Flores' seven months of good conduct, it was not required to. And it acted within its discretion in deciding to give controlling weight to two of the § 3553(a) factors—the seriousness of the offense and his criminal history.

Flores also argues that the district court erred in its § 3582(c)(2) review by making findings inconsistent with those made at the original sentencing. He points to the court's "finding" that no reduction was warranted under § 3582(c)(2), which, he believes, conflicts with the court's "finding" at sentencing that a 20-month downward variance was appropriate. But Flores misapprehends the nature of § 3582(c)(2) proceedings. The extent of reduction, if any, is fixed not by a ratio but, instead, is a determination within the district court's discretion. *See United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009); *see also United States v. Denton*, 821 F.3d 1012, 1013 (8th Cir. 2016) (concluding that reduction to middle of amended guidelines range was not inconsistent with earlier reduction to bottom of guidelines range). In any event, the court did not make factual findings that were inconsistent; at sentencing the court pronounced a below-guidelines sentence based on its evaluation of the § 3553(a) factors, and on § 3582(c)(2) review it concluded that no reduction was warranted.

We have considered Flores's remaining arguments and conclude that none has merit.

AFFIRMED.