NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2017[*]
Decided May 30, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2289

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the |
| *Plaintiff-Appellee*, | United States District Court for the |
| | Southern District of Illinois. |
| *v*. | |
| | No. 09-CR-30159-MJR-001 |
| JOHN WYSINGER, | |
| *Defendant-Appellant*. | Michael J. Reagan, |
| | *Chief Judge*. |

## O R D E R

John Wysinger appeals from the denial of his second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). He argues that the district court erred by refusing to reduce his sentence under a retroactive amendment to the sentencing guidelines. Based on decisions like *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011), Wysinger had no right to relief under a successive motion for a sentence reduction, so we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. CIV. P. 34(a)(2)(C).

John Wysinger is guilty of drug crimes. He was convicted in July 2010 of a conspiracy to distribute and possess with intent to distribute 5 kilograms or more of a substance containing cocaine and of aiding and abetting the possession with intent to distribute 500 grams or more of cocaine. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii). After we vacated that judgment because of a *Miranda* violation, *see United States v. Wysinger*, 683 F.3d 784, 787, 803 (7th Cir. 2012), Wysinger was indicted again in 2012. This time he pleaded guilty to the same offenses for which he had previously been convicted.

Sentencing followed. The district court found that Wysinger was responsible for a quantity of cocaine that yielded an advisory guidelines range of 210 to 262 months' imprisonment. The court sentenced Wysinger below the range, however, to only 180 months' imprisonment. Approximately one year later, the government moved to reduce Wysinger's sentence based on his substantial assistance in other prosecutions. *See* FED. R. CRIM. P. 35(b). The district court reduced Wysinger's sentence by 12 months, from 180 to 168 months. In this order the judge wrote: "This reduction of 12 months will neither be increased or decreased if defendant qualifies or does not qualify for any further reduction of sentence under 18 U.S.C. § 3582(c)(2)."

In mid-2015 Wysinger moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on a new guidelines amendment, but the district court denied the motion. The Sentencing Guidelines Drug Quantity Table in § 2D1.1 had recently been amended to decrease the offense level by 2 for defendants whose offense level was based on a drug quantity. *Compare* U.S.S.G. § 2D1.1(c) (2013) *with* U.S.S.G. supp. to app. C, amend. 782 (2014). This amendment was made retroactive. *See* Sentencing Guidelines for the United States Courts, 79 Fed. Reg. 44973 (Aug. 1, 2014); U.S.S.G. § 1B1.10(a), (d). In denying the motion, the judge explained that when he had granted the earlier sentence reduction under Rule 35, he said that he would not reduce Wysinger's sentence further under § 3582(c)(2). Wysinger asked for reconsideration of this decision, asserting the same arguments as in his initial motion. The judge denied that motion because Wysinger filed it two weeks late and gave no "valid basis" for reconsideration. Wysinger appealed this decision, but we dismissed the appeal as untimely. *United States v. Wysinger*, No. 15-3876 (7th Cir. Apr. 6, 2016).[1]

---

[1] If Wysinger had appealed the denial of this first § 3582 motion on time, he may have had an argument. In denying that motion, the judge deemed himself bound by a statement that he made when granting the Rule 35 sentence reduction. The judge said that he would not grant any further reductions, including under § 3582(c). But the

One month after our decision, in mid-2016, Wysinger again moved the district court to reduce his sentence, based on the *same* amendment. The judge interpreted this motion as a second motion for reconsideration and denied it. Wysinger brought this appeal, but again his notice of appeal arrived late. We ordered him to file a sworn declaration stating the date that he deposited the notice of appeal into the prison mailbox and whether first-class postage was prepaid. Wysinger affirmed that he deposited the notice within the allotted time, so we proceeded to briefing.

As a threshold matter, the government contends that, even with Wysinger's sworn statement, we lack jurisdiction to hear the appeal. It argues that Wysinger did not comply with the requirements of the prison where he is housed for receiving the benefit of the prison mailbox rule. *See* FED. R. APP. P. 4(c)(1); *Hurlow v. United States*, 726 F.3d 958, 962 (7th Cir. 2013). The government submitted a sworn declaration from a staff member at the prison, which asserts that inmates wishing to send legal mail must write "legal mail" on the envelope, so staff in the mail room can date stamp and initial the envelope. Wysinger's envelope has none of these markings. Wysinger replies, however, that he is housed at a satellite location, and at his location the mail procedures are different. The government does not dispute Wysinger's statement that he used the institutional mail system of his satellite location as required by FED. R. APP. P. 4(c)(1). So we conclude that his notice of appeal was timely.

But on the merits Wysinger's appeal collapses. A prisoner can move for a sentence reduction under § 3582(c)(2) based on a single amendment to the sentencing guidelines only once. *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014); *Redd*, 630 F.3d at 651. As a successive motion based on the same amendment, it fails. And even if we were to interpret his filing as a second motion to reconsider his first motion for a sentence reduction, we still would affirm the district court's denial. A motion for reconsideration must be filed within the time available for an appeal. *Redd*, 630 F.3d at 650. Wysinger had 14 days to file an appeal from the district court's mid-2015 order denying the initial motion, FED. R. APP. P. 4(b)(1)(A)(i), but he did not file his second "motion to reconsider" until a year later in 2016.

AFFIRMED.

---

district court is required to consider the factors in 18 U.S.C. § 3553(a) when deciding whether a sentence reduction under § 3582(c) is proper. *See United States v. Flores*, No. 16-1456, 2016 WL 6496701, at *1 (7th Cir. Nov. 2, 2016); *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009).