**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2021[*]
Decided June 10, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1033

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18–10053–001 |
| KEEGAN LEE, *Defendant-Appellant.* | James E. Shadid, *Judge.* |

**O R D E R**

Keegan Lee, a federal prisoner who suffers from an enlarged heart and rapid heartbeat, sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his susceptibility to complications from COVID-19. The district court denied Lee's motion for two reasons. First, his heart condition was not an extraordinary and compelling

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

reason for a sentence reduction; second, the factors under 18 U.S.C. § 3553(a) counseled against early release. Based on these two reasons, we affirm.

Lee had served one year of his eight-year sentence for two counts of possessing child pornography, 18 U.S.C. § 2252A(a)(5)(B), (b)(2), when he moved for compassionate release in 2020. He contended that his left ventricular hypertrophy (thickened heart-chamber wall) and supraventricular tachycardia (abnormally rapid heartbeat) justified compassionate release because they increased his risk of serious complications from COVID-19. Lee had already contracted COVID-19 once and asserted that he may face complications should he contract it a second time. He further argued that the § 3553(a) sentencing factors warranted a sentence reduction because, in his view, he did not pose a danger to society and had a sound home-confinement plan. Conceding that Lee had exhausted administrative remedies, the government argued that medical data regarding his "borderline" heart condition and his asymptomatic, prior COVID infection, as well as the § 3553(a) factors, required denying Lee's motion.

The district court denied Lee's motion. In a brief order, the court first found that his "age (22), medical conditions …, and the current COVID-19 numbers at Defendant's institution (FCI Sandstone, with 97 active cases among inmates and staff) do not rise to the level of an extraordinary and compelling reason" for release. It explained that Lee's "health conditions are minor" and "managed well," and he has "been exposed to and has recovered from COVID-19 without any symptoms." Second, the court reasoned that, because Lee "has served 1 year of his 8-year sentence," "early release would be inconsistent with" the § 3553(a) factors "in that his early release would not provide just punishment for his offense."

On appeal, Lee maintains that his heart condition requires compassionate release because it creates a severe risk of complications from contracting COVID-19. (Lee also raises for the first time concerns about testicular pain and kidney disease, but he failed to present these to the district court, so we do not consider them in the first instance here. *See In re Veluchamy*, 879 F.3d 808, 821 (7th Cir. 2018)). We review the district court's ruling for abuse of discretion. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). The court "must base factual conclusions on record evidence; [it] cannot render unsupported medical opinions." *United States v. Newton*, 996 F.3d 485, 490 (7th Cir. 2021). We recognize that in its brief order the court did not cite medical data to support its findings that Lee's heart condition was "minor" and, because he recovered from an asymptomatic COVID-19 infection, health complications from COVID-19 were unlikely. But the government did so in its response—it cited Lee's medical records and data from

the Centers for Disease Control and Prevention. We may therefore safely assume that the district court "was adopting the Government's position." *Id.*

In any case, a court may release an inmate for compassionate reasons only if, "after considering the factors set forth in section 3553(a)," it finds extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(A). "Because of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns." *Saunders*, 986 F.3d at 1078. Here, the district court reasonably found that, in applying § 3553(a)(2)(A), releasing Lee after he had served only one year of an eight-year sentence for possessing child pornography "would not provide just punishment for the offense." The court's reasoning was brief, but even at a full sentencing a "district court need not provide a detailed, written explanation analyzing every § 3553(a) factor." *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009). Based on its assessment of the relevant factors, the court did not abuse its broad discretion in denying the motion for compassionate release.

AFFIRMED