**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 16, 2021*
Decided July 16, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2551

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 01-cr-109-bbc |
| DANIEL BOOS, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Daniel Boos, a 68-year-old federal prisoner, appeals the denial of his second motion for compassionate release based on his health and the COVID-19 pandemic. In denying the motion, the district court explained that Boos had not shown extraordinary and compelling reasons for release, given that his medical conditions were under control and the sentencing factors of 18 U.S.C. § 3553(a) weighed against release.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Because the district judge appropriately exercised her discretion, we affirm the judgment.

Boos pleaded guilty in 2002 to maintaining a place for the purpose of using and distributing controlled substances, 21 U.S.C. § 856(a)(1), and possessing nine firearms as a convicted felon, 18 U.S.C. § 922(g)(1). The judge sentenced him to 30 years in prison based on her additional findings that Boos had committed murder and willfully attempted to intimidate a witness. *See* U.S.S.G. § 1B1.3. Boos is scheduled for release in 2027.

Boos first moved for compassionate release in May 2020 in light of the COVID-19 pandemic and a long list of underlying health problems. *See* 18 U.S.C. § 3582(c)(1)(A). He argued that his medical conditions—including respiratory illness, skin-cancer history, high blood pressure, and chronic pain—coupled with his age increased his risk of complications should he contract the virus. The judge denied the motion because Boos had not shown that his conditions were definitive risk factors for COVID-19, and he was in a medical facility with no active cases. Boos did not appeal.

Two months later Boos filed a second compassionate-release motion, supplemented with additional medical records and articles about COVID-19 risk factors. The judge denied this motion as well, explaining that Boos had presented no persuasive reason that the first denial was erroneous. The judge acknowledged that Boos's age and obesity were COVID-19 risk factors, but she did not consider his health an extraordinary and compelling reason for release because Boos was housed at a federal medical center that reported no COVID-19 cases and could provide excellent care should he become sick. Further, Boos's serious crime and substantial time remaining on his sentence weighed against release.

Boos appeals this second denial, arguing that the judge impermissibly "played doctor" when she identified only his age and obesity as COVID-19 risk factors and ignored his skin-cancer history, kidney disease, pneumonia, and use of certain medications. In his view, the judge discounted these conditions based on her own unsupported medical opinion.

But Boos misapprehends the basis for the judge's decision. She determined not that age and obesity were Boos's only risk factors, but that the elevated risk caused by these factors was not an extraordinary and compelling reason justifying release, given his access to excellent medical care and his facility's lack of COVID-19 cases. Regardless

of which particular health conditions increased Boos's susceptibility to COVID-19, this determination was not an abuse of discretion.

In any event, the judge also appropriately justified her decision based on the applicable § 3553(a) factors—particularly the serious nature of Boos's crimes and the need to promote respect for the law (given the substantial time remaining on his sentence). *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). And to the extent Boos believes that the judge should have given more weight to his post-sentencing conduct (educational courses completed in prison and no disciplinary infractions), the judge was not required to "provide a detailed, written explanation analyzing every § 3553(a) factor." *United States v. Sanders*, 992 F.3d 583, 588 (7th Cir. 2021) (quoting *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009)).

For these reasons, we AFFIRM the judgment of the district court.