In the

# United States Court of Appeals

### For the Seventh Circuit

No. 15-2553

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

AMBROSE L. CLAYTON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 13-CR-2 — **Rudolph T. Randa**, *Judge*.

SUBMITTED JANUARY 7, 2016* — DECIDED JANUARY 28, 2016

Before RIPPLE, WILLIAMS, and HAMILTON, *Circuit Judges*.

PER CURIAM. Ambrose "Lamont" Clayton sought to re-
duce his 91-month prison sentence based on Amend-
ment 782 to the federal sentencing guidelines. That amend-
ment retroactively reduced the guideline range for his con-

---

* After examining the briefs and record, we have concluded that oral
argument is unnecessary. The appeal is submitted on the briefs and rec-
ord. See Fed. R. App. P. 34(a)(2)(C).

viction for conspiracy to possess with intent to distribute cocaine and heroin. The district court declined to reduce the sentence. Because the district court did not abuse its discretion, we affirm the judgment.

A federal investigation revealed that Clayton and his associates sold drugs and laundered the proceeds for at least two years. He later pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and heroin, see 21 U.S.C. §§ 841(a)(1), 846, and conspiracy to launder money, see 18 U.S.C. § 1956. Using the 2013 Sentencing Guidelines, the district court found Clayton responsible for at least five kilograms of cocaine and one kilogram of heroin, which added up under the Guidelines to the equivalent of 2,000 kilograms of marijuana, and calculated a base offense level of 32. The district court added four levels for Clayton's aggravating role as an organizer or leader and subtracted three levels because Clayton accepted responsibility, yielding a total offense level of 33. (The conviction for money laundering was grouped with the drug conviction, and the latter's offense level applied to the group because it was so much higher. See U.S.S.G. §§ 3D1.2, 3D1.3). Coupled with his category I criminal history, Clayton's guideline imprisonment range was 135 to 168 months.

The district court sentenced Clayton to 91 months in prison. It recognized the seriousness and duration of the offense, the violent danger it poses to the public, and Clayton's role in it. The court also recognized Clayton's positive attributes. Because of Clayton's cooperation and the government's 5K1.1 motion for a below-minimum sentence based on his substantial assistance, Clayton's sentence was 42 months below the low end of the guideline range and 29

months below the 120-month statutory minimum. See 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. At the hearing, Clayton and the government discussed the then-pending proposal from the Sentencing Commission to lower the base offense levels for drug offenses, including Clayton's, by two levels. Aware that the proposal would drop the low end of his range to 108 months, the district court stated that even "if there was a change, this [91-month] sentence would still be the appropriate sentence, given what I've just talked about."

After sentencing, the Sentencing Commission amended the base offense level for drug offenses exactly as was discussed at Clayton's sentencing hearing. Amendment 782, which is retroactive, reduced the offense levels assigned to Clayton's drug quantities, resulting in a base offense level of 30 instead of 32. See U.S.S.G. § 1B1.10(d); U.S.S.G. supp. to app. C, amends. 782, 788 (2014). With the adjustments he received, Clayton's new total offense level would be 31 rather than 33, resulting in a guidelines range of 108 to 135 months rather than 135 to 168 months.

Two days after Amendment 782 became effective, Clayton moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). He asked for a reduction to 72 months in prison. That would be, like his original sentence, 33 percent below the low end of the applicable guideline range. The district court denied Clayton's request, explaining that "based upon the severity of the offense, the Court's original below-guideline sentence and its rationale in imposing such sentence, and despite Clayton's current eligibility for reduction, the Court will not alter the original sentence."

On appeal Clayton argues that the district court abused its discretion in denying him a reduction. He contends that

the court failed to comply fully with the two-step process mandated in *Dillon v. United States*, 560 U.S. 817 (2010), for motions under § 3582(c)(2). Step one requires the court to determine the amended guideline range, the prisoner's eligibility for a sentence modification, and the extent of the reduction authorized. *Dillon*, 560 U.S. at 827. At step two, a court must consider any applicable § 3553(a) factors and determine whether, in its discretion, a reduction is warranted. *Id.*

The court committed no reversible error in step one. At the original sentencing, the parties and the court correctly anticipated that the proposed guideline would reduce Clayton's base offense level by two, with a new low end of 108 months. While the district court did not itself state the new range when Clayton moved for a sentencing reduction, it acknowledged, as step one contemplates, that the amendment reduced Clayton's offense level and that he was eligible for a reduction in sentence. The purpose of step one was anticipated and then achieved. Further, at the original sentencing hearing, the district court explained that it would not reduce Clayton's sentence any further based on the anticipated new guideline. Any error in not stating the new range explicitly after the amendment actually took effect would have been harmless. See *United States v. Hill*, 645 F.3d 900, 912 (7th Cir. 2011).

Clayton next contends that the district court erred in the second step. He accuses the court of failing to consider every § 3553(a) factor, the low risk his early release would pose to the public, and his conduct while imprisoned. But in deciding a motion under § 3582(c)(2), the district court is not required to analyze extensively every § 3553(a) factor; it suffic-

es that its explanation is consistent with § 3553(a). See *United States v. Purnell*, 701 F.3d 1186, 1190 (7th Cir. 2012); *United States v. Marion*, 590 F.3d 475, 477–78 (7th Cir. 2009). That happened here. During the original sentencing, the district court considered the § 3553(a) factors and the serious risk that Clayton posed to public safety, and it referred to that rationale in the § 3582 decision. While the district court's order could have considered Clayton's post-conviction behavior, see U.S.S.G. § 1B1.10, cmt. n.1(B)(iii), Clayton presented no such evidence to the district court.[1]

Clayton replies that his attorney incompetently failed to request and submit this evidence. But there is no right to counsel in § 3582(c)(2) proceedings. See *United States v. Johnson*, 580 F.3d 567, 569 (7th Cir. 2009); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). And where there is no right to counsel, there is no right to effective counsel. See *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)); *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982).

---

[1] *United States v. Marion* directs district courts, on § 3582 motions for sentence reductions, to "at least address briefly any significant events that may have occurred since the original sentencing." 590 F.3d at 477. If nothing noteworthy changed concerning the basis for the original sentence, "some simple explanation to that effect will apprise both the defendant and this court of that fact." *Id.* The government suggests that this direction may be limited to situations when the district court does not supply *any* reasons for its decision and when many years have intervened between sentencing and the § 3582 motion. *Marion* does not contain this limitation, but even so the absence of any discussion by the district court of events since sentencing does not require a remand in this case. Clayton did not submit information on any significant events since his original sentencing with his § 3582 motion; a discussion was unnecessary.

We have considered Clayton's remaining arguments and none has merit. His request for appointment of counsel on appeal is denied. The judgment of the district court is

AFFIRMED.