**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 15, 2020[*]
Decided October 15, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1159

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 415-3 |
| CHARLES THOMAS, *Defendants-Appellant.* | Gary Feinerman, *Judge.* |

**O R D E R**

Charles Thomas appeals the denial of his motion for a lower prison sentence under 18 U.S.C. § 3582(c)(2), relying on Amendment 782 to the U.S. Sentencing Guidelines. Because that amendment was effective at Thomas's sentencing, we affirm.

In January 2015, the district court sentenced Thomas to 262 months in prison for multiple heroin offenses. *See* 21 U.S.C. §§ 841(a)(1), 843(b), 846. His sentence was at the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

bottom of the 2014 guidelines range for a 32 base-offense level, with a 2-level enhancement for obstruction of justice, and criminal-history category VI. We affirmed this sentence on appeal. *See United States v. Thomas*, 833 F.3d 785 (7th Cir. 2016).

Thomas invoked § 3582(c)(2) and sought to reduce his sentence based on Amendment 782, a retroactive amendment to the November 2014 Guidelines that lowered the base offense level for most drug crimes. *See* U.S.S.G. Supp. app. C., amend. 782 (2014). But, as the district court correctly determined, § 3582(c)(2) permits the court to reduce a defendant's sentence only when the original sentencing range "has *subsequently* been lowered by the Sentencing Commission." (emphasis added). Amendment 782 became effective more than two months before Thomas's sentencing in January 2015. So § 3582(c)(2)'s "narrow exception to the rule of finality" does not permit the court to alter Thomas's sentence based on a guideline amendment that was in effect at sentencing. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Thomas grounds his request on a misunderstanding of how the district court calculated his sentence. He correctly points out that his initial presentence report determined his base level offense using the 2013 Guidelines; however, the government, in its sentencing memorandum, corrected those calculations to reflect updates in the 2014 Guidelines, including Amendment 782. The district court then applied Amendment 782, and Thomas received the benefit of the amendment when at sentencing.

Finally, Thomas raises procedural challenges to the disposition of his § 3582(c)(2) motion, but they are unavailing. He protests that, after he filed his motion, the district court struck status hearings, ordered briefing, and accepted the government's brief, which lacked a certificate of service and was (inadvertently) not served on Thomas until Thomas requested it. District courts "have considerable leeway in choosing how to adjudicate § 3582(c)(2) sentence-reduction motions, and we evaluate procedural challenges to these proceedings under an abuse-of-discretion standard." *United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009). No reversible abuse occurred here for three reasons. First, we do not require that district courts hold status hearings on § 3582(c)(2) motions. *See id.* Second, after the court learned that the government had omitted serving its response on Thomas, it ordered the government to do so. But Thomas never sought to reply to it. We cannot fault the district court for not accepting a reply that Thomas did not offer. *See id.* at 615–616. Third, nothing that Thomas complains of affected his "substantial rights." FED. R. CRIM. P. 52(a). As we have already explained, his § 3582(c)(2) motion lacked merit, regardless of any arguments he might have made in

the district court (or to us), because the amendment he relies upon was in effect, and the district court considered it at his sentencing. *See United States v. Clayton*, 811 F.3d 918, 921 (7th Cir. 2016).

AFFIRMED