**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 27, 2021*
Decided January 27, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2651

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 09-cr-20067-JES |
| | |
| DERRICK R. YOUNG, | James E. Shadid, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Derrick Young, an inmate at the Federal Correctional Institution in Milan, Michigan, who has chronic kidney disease, moved for compassionate release based on his susceptibility to complications from COVID-19. The district court denied the motion, finding that his prison had its coronavirus cases under control. Because the judge considered Young's arguments and the § 3553(a) sentencing factors, we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2010, Young pleaded guilty in the Central District of Illinois to possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(C), and was sentenced as a career offender to 188 months' imprisonment and six years' supervised release.

Young, pro se, moved in June 2020 for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Then housed at the Federal Correctional Institution in Oxford, Wisconsin, Young asserted that his stage 3 chronic kidney disease and hypertension increased his risk of serious illness if he contracted COVID-19. The district court appointed the Federal Public Defender to represent Young, and eventually, an amended motion was filed, relying on his kidney disease and the conditions at Milan, where Young had since been transferred.

The district court denied the motion. It explained that, even though Young's kidney disease made him more vulnerable to COVID-19 complications, he was being treated for it. The court also said that Young was 41, well below the age group most at risk. Finally, the court emphasized that COVID-19 appeared to be "under control" at Milan, which among inmates had only two active cases (91 recovered) and three deaths.[1]  In contrast, the judge stated, Decatur, Illinois (where Young would live with his daughter if released), was in a county then facing its own spike in COVID-19 cases. So it was "doubtful that he would have less of a chance of contracting COVID-19."

On appeal, Young argues that the district court abused its discretion in denying his motion. He first contends that the judge did not afford enough weight to the severity of his chronic kidney disease and misstated several facts, including his age and release date. According to Young, the judge also ignored the dormitory-style setting in prisons when he assumed that Young was less likely to contract COVID-19 in Milan than if he were living in isolation at his daughter's home.

The district court did not abuse its discretion in denying Young's motion. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court, after considering the § 3553(a) sentencing factors, may reduce a defendant's prison term if the reduction is supported by "extraordinary and compelling reasons" and consistent with any applicable policy statement of the

---

[1]  As always, given the nature of the COVID-19 pandemic, the figures change daily, and the district court had only a snapshot to rely on. Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/ (last visited January 27, 2021).

Sentencing Commission. Because the Commission has not amended the relevant policy statement in U.S.S.G. § 1B1.13 since the First Step Act expanded the compassionate-release provision, however, there is no "applicable" statement. *Gunn*, 980 F.3d at 1180. The district court properly used its own discretion to determine whether extraordinary and compelling reasons existed.

In applying his discretion, the judge appropriately considered the seriousness of Young's kidney disease and the COVID-19 pandemic. But he found that those circumstances were offset by Young's relative youth and the prison's provision of medical treatment to Young. Young notes that the judge misstated his age as 41 (rather than 47). But the court considered Young's age to show that, as a middle-aged man, he was not in the highest-risk age group (the risk increases with age), so its error was harmless.[2] *See United States v. Clayton*, 811 F.3d 918, 921 (7th Cir. 2016) (applying harmless-error review to district court's denial of § 3582(c) motion). And although the judge did not describe the "dormitory" setting in Young's prison, he permissibly focused on the prison's relative success—despite its sleeping arrangements—in containing COVID-19.

The court also explained, albeit summarily, that Young's continued imprisonment was consistent with the 18 U.S.C. § 3553(a) sentencing factors. And regarding the need for Young's sentence to promote respect for the law and provide "just punishment," *id*. § 3553(a)(2)(A), even if the court incorrectly stated that Young is scheduled for release in March 2022 (Young says his release date is earlier, in June 2021), we are not convinced that a nine-month difference would have changed the court's decision: It made clear that Young's health issues were not "extraordinary and compelling" separate and apart from the sentencing factors.

---

[2] The CDC's categorization of at-risk individuals comports with this assessment. *See* Centers for Disease Control and Prevention, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited January 27, 2021). (This appears to be the link the district court meant to cite for this proposition, though the order repeats the link to the web page explaining that persons with serious medical conditions, like chronic kidney disease, face an increased risk of severe illness from COVID-19, regardless of age. *See* Centers for Disease Control and Prevention, *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 27, 2021)).

Young also argues for the first time on appeal that he is entitled to compassionate release because of a recent amendment to the career-offender Guideline. A request for early release based on an amendment to the Guidelines falls under a different subsection of the statute, however. *See* 18 U.S.C. § 3582(c)(2). Young never moved in the district court for relief based on the Guidelines, and he cannot raise the issue for the first time on appeal. *See* 28 U.S.C. § 1291; *United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020). If he wishes to seek relief under that subsection, he must do so through a new motion in the district court.

AFFIRMED