NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2021[*]
Decided March 15, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-2147

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 06-CR-40033 |
| KIM LEE MILLBROOK,<br>*Defendant-Appellant.* | Michael M. Mihm,<br>*Judge.* |

## O R D E R

Kim Millbrook, a federal inmate, moved for compassionate release under
18 U.S.C. § 3582(c)(1)(A), citing the COVID-19 pandemic and his high blood pressure.
The district court denied the motion, finding that Millbrook had not exhausted his
administrative remedies and that the sentencing factors in 18 U.S.C. § 3553(a) weighed
against early release. Because we have since clarified that the exhaustion requirement is

---

[*] We have agreed to decide this case without oral argument because the briefs
and record adequately present the facts and legal arguments, and oral argument would
not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

a mandatory claim-processing rule, we affirm on the ground that Millbrook did not exhaust his remedies in the Bureau of Prisons.

Millbrook was convicted in 2007 for gun and drug possession and witness tampering and is now serving a 20-year sentence at the federal "Supermax" facility in Florence, Colorado. (For reasons unimportant here, his original prison sentence of 372 months has been reduced twice.) In May 2020, he moved for compassionate release under § 3582(c)(1)(A), or alternatively, for a transfer to home confinement. He argued that the COVID-19 pandemic, and the prison staff's noncompliance with mask protocol, put him at risk of death or serious illness because he has high blood pressure. The government objected to an early release, arguing that Millbrook had failed to exhaust his administrative remedies as required by § 3582(c)(1)(A)(i). Although Millbrook asserted, with no evidence beyond his unsworn statement, that he had sent a compassionate release request to his warden and waited more than 30 days with no reply, he conceded that he could not prove exhaustion. Nonetheless, he asked the court to waive the exhaustion requirement given the urgency of his situation.

The district court held a hearing, listened to the parties' arguments, and orally denied the motion for compassionate release. The court found that Millbrook had not exhausted his administrative remedies because neither he nor the government had any record of an administrative request. Further, the district court did not find that Millbrook had shown extraordinary and compelling reasons for release. § 3582(c)(1)(A). Although the court accepted that Millbrook's high blood pressure likely put him at some increased risk from COVID-19, guidance from the Centers for Disease Control and Prevention did not indicate that high blood pressure (in contrast to "pulmonary hypertension") was a significant risk factor. And in any case, the sentencing factors of § 3553(a) did not support releasing Millbrook: The court expressed concern about Millbrook's long criminal history, the seriousness of his most recent offenses (including threatening to kill his wife for reporting him to the police), and his many disciplinary infractions before he was moved to the prison in Florence. The court did not discuss Millbrook's alternative request that he be placed on home confinement.

Millbrook argues on appeal that the district court should have waived the exhaustion requirement. But the exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that a court must enforce if the government raises it. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Because Millbrook furnished no evidence in the district court that he had pursued administrative relief—and the Bureau of Prisons has no record of any request—the court rightly denied the motion on

exhaustion grounds. Alternatively, for the first time on appeal, Millbrook provides a sworn statement that he sent his warden a request for compassionate release and waited 30 days with no response before filing his motion. His attestation is too late, however; the showing of exhaustion must be made in the district court. *See* FED. R. APP. P. 10(a); *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 596 (7th Cir. 2012).

Even if Millbrook had proved he met the exhaustion requirement, we would affirm the district court's conclusion on the merits. A district court cannot reduce a sentence under § 3582(c)(1)(A)(i) unless it finds that the inmate has shown extraordinary and compelling reasons and that release is compatible with the factors in § 3553(a). *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Millbrook raises no argument to persuade us that the district court was obligated to find his reasons for release extraordinary and compelling or that it unreasonably weighed the sentencing factors.

Nor do we see anything untoward about the district court's silence on Millbrook's alternate request to transfer to home detention. The court had no authority to grant that motion because § 3582 authorizes only sentence "reductions." *See Saunders*, 986 F.3d at 1078. Home detention is a substitute for imprisonment, not a type of reduction, *see* U.S.S.G. § 5F1.2, and the Bureau of Prisons, not the courts, determines an inmate's custodial placement. *Saunders*, 986 F.3d at 1078.

Finally, Millbrook argues that his federal public defender (appointed pursuant to an administrative order of the Central District of Illinois) violated his Sixth Amendment right to effective assistance of counsel. In his view, counsel should have more thoroughly investigated the effects of high blood pressure on COVID-19 susceptibility and should have raised his home-confinement request at the hearing. This argument is a non-starter. There is no constitutional right to counsel when seeking to reduce a sentence under § 3582(c), *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021), and so we have no basis for examining counsel's performance (though nothing in the record gives us pause about it), *see United States v. Clayton*, 811 F.3d 918, 922 (7th Cir. 2016).

AFFIRMED