NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 4, 2021[*]
Decided August 5, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3456

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:00-CR-28-18-TLS-APR |
| JAMES S. ERVIN, *Defendant-Appellant*. | Theresa L. Springmann, *Judge*. |

## O R D E R

James Ervin, a federal inmate who is obese and has asthma, moved for compassionate release based on his heightened vulnerability to COVID-19. The district court denied relief, finding that he lacked "extraordinary and compelling reasons" for release under 18 U.S.C. § 3582(c)(1)(A)(i) and that the sentencing factors under 18 U.S.C.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

§ 3553(a) weighed against it. Because the court acted well within its discretion in denying compassionate release, we affirm.

Ervin, then a police officer, worked for a drug-trafficking ring. He arrested other drug dealers and stole their guns, money, and drugs; once, he fatally strangled a rival dealer with an extension cord. In 2003, a jury found Ervin guilty of crimes including murder, racketeering, and possession and distribution of drugs. *See* 18 U.S.C. §§ 2, 924(c)(1), 1951, 1952(a)(2); 21 U.S.C. §§ 841(a)(1), 846, 848(e)(1)(A). He is serving a life sentence at the Federal Correctional Institution Greenville in Illinois.

In July 2020, Ervin moved for compassionate release. He argued that his age (49) and health conditions—obesity, asthma, and history of pneumonia and heart problems—increased his risk of complications or death from COVID-19. He also argued that the Bureau of Prisons' failure to contain the spread of the virus increased his risk of contracting it, and he asked the court to consider his continuing education and clean disciplinary record in prison.

The district court denied Ervin's motion. Ervin did not show extraordinary and compelling reasons for release under § 3582(c)(1)(A)(i), the court explained, because his medical records demonstrated that his obesity and asthma were treated and managed by prison medical staff. Moreover, the court noted that Ervin's records showed no history of pneumonia or heart problems, and his age (now, 50) was not "advanced." The court also concluded that the § 3553(a) sentencing factors weighed against release because Ervin's crime was corrupt and violent; he had used his position as a police officer to distribute drugs and falsely arrest and murder rival distributors.

Ervin argues that the district court abused its discretion in determining that he did not show extraordinary and compelling reasons for release because it did not place enough weight on his health conditions. But the court's decision was reasonable in December 2020 and is now even more secure. Ervin's risk of contracting COVID-19 in prison is not likely to be an extraordinary and compelling reason for release now that, as far as this record shows, he has access to an effective vaccine. *See United States v. Broadfield*, No. 20-2906, ___ F.4th___, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021); Federal Bureau of Prisons, *COVID-19 Vaccine Implementation* (last visited Aug. 4, 2021), https://www.bop.gov/coronavirus/ (reporting 853 vaccinated inmates at FCI Greenville). Ervin has not asserted that the Bureau of Prisons failed to offer him the vaccine or that he cannot take it; nor has he ever argued that, without the threat of COVID-19, his health concerns are severe enough to warrant early release.

Next, Ervin faults his recruited lawyer for failing to obtain medical records substantiating his history of pneumonia and heart problems. But he cannot claim ineffective assistance of counsel because he did not have a constitutional right to counsel in the § 3582 proceedings to begin with. *See United States v. Clayton*, 811 F.3d 918, 921–22 (7th Cir. 2016).

Finally, Ervin challenges the district court's weighing of the § 3553(a) factors, but, in the absence of a valid reason for a sentence reduction, the court did not have to consider the factors at all. *See United States v. Thacker*, No. 20-2943, ___ F.4th ___, 2021 WL 2979530, at *6 (7th Cir. July 15, 2021). In any event, the court sufficiently explained its decision by pointing to the corrupt and violent nature of Ervin's crimes. *See* 18 U.S.C. § 3553(a)(1); *United States v. Ugbah*, No. 20-3073, ___ F.4th ___, 2021 WL 3077134, at *2 (7th Cir. July 21, 2021). And, to the extent he argues that the district court based the decision on a crime he did not commit, Ervin cannot use his § 3582 motion as a vehicle to challenge his conviction. *See United States v. Bridgewater*, 995 F.3d 591, 595 (7th Cir. 2021).

AFFIRMED