**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2021[*]
Decided November 23, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1668

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:07 CR 41 |
| TIMOTHY JAMES CARR, *Defendant-Appellant.* | James T. Moody, *Judge.* |

**O R D E R**

Timothy Carr, a federal prisoner convicted of a crack-cocaine offense, moved to have his 262-month sentence reduced under § 404(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The district court declined to reduce Carr's sentence,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

concluding that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, did not affect his guidelines range, and that the relevant factors under 18 U.S.C. § 3553(a) did not weigh in favor of decreasing his prison term. We affirm.

Carr pleaded guilty in 2007 to possession with intent to distribute over 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him as a career offender to 262 months' imprisonment, the bottom of his calculated guidelines range, and 10 years' supervised release.

In 2019, Carr, assisted by a Federal Defender, moved for a reduced sentence under § 404(b) of the First Step Act, which made provisions of the Fair Sentencing Act of 2010 retroactive for certain defendants convicted of crack-cocaine-related offenses. The district court granted Carr's motion in part, reducing his supervised release term to 8 years but leaving in place his prison term of 262 months. The court acknowledged that Carr was eligible for First Step Act relief, *see United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020), but declined to reduce Carr's prison term in light of the relevant sentencing factors under 18 U.S.C. § 3553(a). The court explained that he had committed "a serious drug crime," had "an extensive criminal history involving drug trafficking," and needed to be deterred from similar criminal conduct.

On appeal, Carr contends that his appointed counsel provided ineffective assistance by failing to argue that his prior crack-related convictions no longer qualified for an enhanced sentence under 21 U.S.C. § 841, in light of this court's recent decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). In *Ruth*, we held that an Illinois conviction for possession with intent to deliver cocaine was not a predicate "felony drug offense" that triggered 21 U.S.C. § 841(b)(1)(C)'s sentencing enhancement. *Id.* at 650. Based on the holding in *Ruth*, Carr maintains that the district court erred in sentencing him with the statutory enhancement.

But Carr may not assert an ineffective-assistance claim because he had no constitutional or statutory entitlement to appointed counsel in a proceeding under § 404(b) of the First Step Act. *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021). Where there is no right to counsel, there can be no right to effective counsel. *See United States v. Clayton*, 811 F.3d 918, 921–922 (7th Cir. 2016).

Relatedly, Carr challenges the district court's assessment of his sentencing range without accounting for our decision in *Ruth*. But the district court did not err in failing to apply *Ruth*. Not only did Carr fail to bring this case to the court's attention, but a

district court is not required in a First Step Act proceeding to apply an intervening judicial decision (i.e., a decision that post-dates the initial sentencing). *United States v. Fowowe*, 1 F.4th 522, 531–32 (7th Cir. 2021). *Ruth*, decided in mid-2020, post-dated Carr's initial sentencing by eleven years, so the district court did not procedurally err by not applying it. Regardless, the court correctly noted that the Fair Sentencing Act did not change Carr's guideline range, which remained at 262-327 months. Finally, the court—in declining to reduce the sentence—appropriately applied the relevant § 3553(a) factors, determining that Carr's positive post-sentencing conduct (furthering his education, engaging in only "sporadic" misconduct) was outweighed by the seriousness of his crimes (involving 80 grams of crack and nearly one-half a kilogram of powder cocaine) and his extensive criminal history (involving drug trafficking, bail jumping, drug possession, unlawful possession of a weapon, and parole violations).

AFFIRMED